UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY L. FINLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV1013 TIA |
| ) | |
| JEREMIAH W. NIXON, and ) | |
| MARK A. BEZY, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This cause is before the Court on Oklahoma state prisoner Tommy L. Finley's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed July 5, 2006/Docket No. 3). All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c). Presently pending before the Court is Respondent Bezy's Motion for Relief from Order and Motion to Dismiss (Docket No. 9).

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. §2241(c)(3) and 28 U.S.C. § 2254(a)). Respondent Mark A. Bezy, the warden of the Terre Haute Correctional Facility where Petitioner is currently confined, seeks dismissal from the instant habeas action asserting he is not the proper party Respondent, and the Court lacks jurisdiction.

At the time Petitioner Tommy L. Finley filed his pro se habeas petition on July 5, 2006, he was incarcerated at United States Penitentiary in Terre Haute, Indiana, (USP-Terre Haute) where he is currently serving a 216-month term of imprisonment after being convicted in this Court of three counts

of using the mails with intent that a murder-for-hire be committed in violation of 18 U.S.C. § 1958(a). See United States v. Finley, Case No. 4:97CR455 SNL (E.D. Mo, July 29, 1998) (judgment imposed). In the instant petition, Petitioner challenges his Missouri state-court convictions, two counts of possession of a controlled substance, and one count of sexual assault. State v. Finley, 136 S.W.3d 823(Mo. Ct. App. 2004). These sentences were to run consecutively with Petitioner's federal prison sentence from another conviction. In the instant petition, Petitioner does not challenge the legality of his federal custody.

The proper party respondent in a habeas corpus petition is the custodian of the prisoner. "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner.]'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2005) (quoting 28 U.S.C. § 2242); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody."); Braden v. Thirtieth Judicial Circuit Court, 410 U.S. 484, 495 (1973). "[T]here is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." Padilla, 542 U.S. at 434-35. "In habeas challenges to present physical confinement -'core challenges'- the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435; See Piercy v. Parratt, 579 F.2d 470, 472 (8th Cir. 1978) (finding that habeas petition attacking the revocation of the petitioner's parole was "procedurally flawed" because he failed to name his custodian, the warden of the state prison where he was incarcerated). "Congress has authorized § 2254 petitioners challenging present physical custody to name either the warden or the chief state penal officer as a respondent." Padilla,

542 U.S. at 450 (citing Rule 2(a)).[1]

Nonetheless, "the immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement." Id. at 438. In Braden, a state prisoner incarcerated in Alabama on an Alabama conviction filed a habeas corpus petition in federal district court in Kentucky challenging a detainer lodged against him in a Kentucky state court subjecting him to future confinement in Kentucky. Because Petitioner did not challenge the validity of his Alabama conviction, the Supreme Court found that in such circumstances, the proper respondent was not the petitioner's immediate physical custodian, but instead, the Kentucky court in which the detainer was lodged inasmuch as the Alabama warden was not the person who held him in what was alleged to be unlawful custody. Braden, 410 U.S. at 494-95. "Under Braden, then, a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.'" Padilla, 542 U.S. at 438. Further, the Rules Governing Section 2254 Cases in the United States District Courts provide that where a petitioner is not challenging his present physical confinement on a conviction but rather future custody on a separate state conviction, as in this case, he must name as respondents "both the officer who has current custody and the attorney general of the state where the judgment was entered." Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts. The Advisory

---

[1]The Advisory Committee Notes to subdivision (a) of Rule 2 provide: "The proper person to be served in the usual case is either the warden of the institution or the chief officer in charge of state penal institutions." The Advisory Committee Notes to subdivision (b) of Rule 2 provide that where the petitioner is in prison "due to the state action he is attacking ... [t]he named respondent shall be the state officer who has official custody of the petitioner." In challenges to physical confinement, the proper respondent is the Warden of the facility where the petitioner is confined, "not the Attorney General or some remote supervisory official." Padilla, 542 U.S. at 435.

Committee Notes to subdivision (b) of Rule 2 provide that naming both the officer having actual custody of the petitioner and the attorney general of the state where the judgment was entered "is appropriate because no one will have custody of the petitioner in the state of the judgment being attacked, and the habeas corpus action will usually be defended by the attorney general[,] ... [who] is in the best position to inform the court as to who the proper party respondent is."

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Padilla, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Eighth Circuit has held that "habeas corpus jurisdiction requires the district court have jurisdiction over the petitioner's custodian." See Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977). The Supreme Court has explicitly opined that "Braden in no way authorizes district courts to employ long-arm statutes to gain jurisdiction over custodians who are outside of their territorial jurisdiction." Padilla,, 542 U.S. at 445. The proper respondent in proceedings that do not contest current custody is the state's attorney general or the official most like a custodian . See Rule 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Respondent Mark Bezy filed a Motion for Relief from Order and Motion to Dismiss seeking dismissal from the instant action. Respondent Bezy asserts that he is not a proper respondent, and the Court lacks jurisdiction over him. Under the law of this Circuit, habeas corpus jurisdiction requires that the district court have jurisdiction over movant's custodian. See e.g. Braden, 410 U.S. at 495; Gravink, 549 F.2d at 1154. Petitioner's custodian is the Warden of USP-Terre Haute, but this custodian is not within the territorial jurisdiction of this Court, and thus this Court lacks jurisdiction over Respondent Bezy. Padilla, 542 U.S. at 435-36. Inasmuch as Petitioner is not challenging his physical confinement, Respondent Bezy, the Warden of the facility where the Petitioner is confined,

is not the proper respondent but the Attorney General is the proper respondent.  <u>Padilla</u>, 542 U.S. at 435.  Accordingly,

**IT IS HEREBY ORDERED** that Respondent Bezy's Motion for Relief from Order and Motion to Dismiss (Docket No. 9) is GRANTED.

Dated this  8th  day of June, 2007.

                                         /s/ Terry I. Adelman
                                         UNITED STATES MAGISTRATE JUDGE