UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMMY L. FINLEY, | ) |
|           Petitioner, | ) |
| v. | )   No.  4:06CV1013 TIA |
| JEREMIAH W. NIXON, | ) |
|           Respondent. | ) |

### MEMORANDUM AND ORDER

This cause is before the Court on Tommy L. Finley's pro se "Motion for a United States Constitutional, Article III, United States District Judge to Review De Novo, or for Plain Error, Movant's Objections to the Magistrate Judge's Opinion/Report" (ECF No. 52).  All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Movant Tommy L. Finley ("Finley") requests that an Article III district judge review his objections to the undersigned's Memorandum and Order of September 25, 2009 (ECF No. 20).

Article III of the Constitution provides a litigant in a federal habeas corpus case the right to have the case presided over by a district judge whose authority is safeguarded by Article III. Lehman Bros. Kuhn Loeb, Inc. v. Clark Oil & Ref. Corp., 739 F.2d 1313, 1315 (8th Cir. 1984). Constitutional rights, however, may be waived if done voluntarily and intelligently.  Schriro v. Landrigan, 550 U.S. 465, 483 (2007).  Ordinarily, a party who was validly consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) has waived the right to proceed before a district judge, and there is no absolute right to withdraw that consent. United States v. Neville, 985 F.2d 992, 1000 (9th Cir. 1993); 12 Charles Allan Wright, Arthur R. Miller, & Richard L. Marcus,

Federal Practice and Procedure § 3071.3.

The authority of magistrate judges is regulated by 28 U.S.C. §§ 631-39. 28 U.S.C. § 636(c)(1) provides that '[u]pon consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or the courts [she or] he serves." Section 636(c) requires a clear and unambiguous statement in the record of the affected parties' consent to the magistrate judge's jurisdiction. <u>Gleason v. Secretary of Health and Human Servs.</u>, 777 F.2d 1324 (8th Cir. 1985). Valid consent is essential to upholding § 636(c)'s constitutionality against arguments that it improperly vests the judicial power of the United States in non-Article III judges. In relevant part, the provision in 28 U.S.C. § 636(c) permits a magistrate judge to make dispositive orders in a civil case when the parties have given their written consent to his manner of proceeding. Authorization of magistrate judges under Federal Magistrates Act to conduct habeas corpus proceedings on consent of the parties does not violate Article III of the Constitution. <u>Orsini v. Wallace</u>, 913 F.2d 474, 477 (8th Cir. 1990). Moreover, a magistrate judge's decision is final and directly appealable to the Eighth Circuit Court of Appeals if it is issued under the authority of 28 U.S.C. § 636(c).

A review of the Court record shows that Finley filed Consent to a Magistrate Judge on July 27, 2006, and Respondent Mark A. Bezy filed Consent to a Magistrate Judge on August 16, 2006. The record is devoid of any evidence showing that Petitioner attempted to withdraw his consent during the pendency of this matter. Because Finley consented to the use of a magistrate judge in this case, he forfeited any personal right he may have had to have his case reviewed by an Article III judge including those adjudicatory duties traditionally reserved for Article III judges. <u>Harris v. Folk Const.</u>

Co., 138 F.3d 365, 369 (8th Cir. 1998); see also Lehman Bros., 739 F.2d at 1315(upholding the constitutionality of 28 U.S.C. § 636(c) and further holding that "insofar as Article III protects individual litigants, those protections can be waived").  Likewise, Finley filed a Notice of Appeal on October 2, 2009 (ECF No.22), and on January 21, 2010, the Eighth Circuit Court of Appeals entered Judgment dismissing the appeal  (ECF No. 30).  The undersigned finds that Finlay waived his right to have his habeas case heard by an Article III judge.  Accordingly,

**IT IS HEREBY ORDERED** that Tommy L. Finley's pro se "Motion for a United States Constitutional, Article III, United States District Judge to Review De Novo, or for Plain Error, Movant's Objections to the Magistrate Judge's Opinion/Report" (ECF No. 52) is DENIED.

Dated this   5th   day of January, 2012.

                                                           /s/ Terry I. Adelman  
                                                  UNITED STATES MAGISTRATE JUDGE